**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANN ELLEN DUNLAP, | : | |
| | : | Case No. 2:14-CV-0054 |
| Plaintiff, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Abel |
| DAVID M. DOUGLASS, *et al.* | : | |
| | : | |
| Defendants. | : | |

**OPINION & ORDER**

## I.     INTRODUCTION

This matter is before the Court on Defendants David M. Douglass and Douglass & Associates Co., LPA's Motion to Dismiss (Doc. 3). For the reasons set forth herein, Defendants' Motion is **GRANTED**.

## II.     BACKGROUND

This is an action for alleged violations of the Fair Debt Collection Practices Act. On October 31, 2009, the State of Ohio Department of Taxation sought a judgment against Plaintiff Ann Ellen Dunlap, a resident of Coshocton County, Ohio, pursuant to Ohio Revised Code § 5747.13(C). (*Defs' Mot. to Dismiss*, Doc. 3 at 1). In furtherance of this judgment, on November 12, 2009, the Department of Taxation filed with the Coshocton County Clerk of Courts a precipe, signed by the tax commissioner, which certified that the personal income tax assessment against the Plaintiff had become final by operation of law. (*Id.*).

Judgment was entered against Plaintiff, and, pursuant to O.R.C. § 109.08, Defendant David M. Douglass was appointed Special Counsel for the State and was assigned collection of the assessment. (*Id.*). The State, through Douglass and his legal firm, Defendant Douglas &

Associates Co., LPA ("Douglass & Associates"), and in keeping with O.R.C. § 5747.13(C)[1], then initiated proceedings to garnish Plaintiff's property in order to satisfy the unpaid income tax assessment. (*Id.*).

On March 1, 2013, Cory Scott, an employee of Defendants, called Plaintiff regarding the alleged debt. (*Compl.*, Doc. 1, ¶ 10). Several days later, on March 4, 2013, Scott sent Plaintiff a letter concerning the debt. (*Id.*, ¶ 11). On March 10, 2013, Plaintiff sent Defendants a letter disputing the debt and requesting that the debt be validated. (*Id.*, ¶ 12; Doc. 3 at 2). In response, Defendants sent Plaintiff a verification of the debt, specifying the tax, penalty, and interest owed, and providing a copy of the precipe for judgment. (Doc. 3 at 2; *see* Ex. 3, Doc. 3-3). Plaintiff acknowledged receipt of these documents. (*Compl.*, ¶ 13).

On January 16, 2014, Plaintiff filed her Complaint against Defendants, primarily alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), and O.R.C. § 1321.591. (*Compl.*, Doc. 1). She also asserts violations of O.R.C. §§ 2913, 2921.11, & 2739.01, as well as 18 U.S.C. § 1341. (*Id.*). In response, Defendants filed their motion to dismiss the entire Complaint for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), for failure to state a claim for which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), and under the doctrines of abstention, res judicata, and claim preclusion. (Doc. 3).

---

[1] Ohio Rev. Code. § 5747.13(C) provides, in relevant part:

> After an assessment becomes final, if any portion of the assessment remains unpaid,…a certified copy of the tax commissioner's entry making the assessment final may be filed in the office of the clerk of the court of common pleas in the county in which the employer's, taxpayer's, or qualifying entity's place of business is located or the county in which the party assessed resides.
>
> Immediately upon the filing of the entry, the clerk shall enter a judgment against the party assessed in the amount shown on the entry….The judgment shall have the same effect as other judgments. Execution shall issue upon the judgment upon the request of the tax commissioner, and all laws applicable to sales on execution shall apply to sales made under the judgment.

While Plaintiff does not specifically enumerate her causes of actions, she primarily brings this action under the FDCPA and Ohio's Compliance with Fair Debt Collection Practices Act, O.R.C. § 1321.591. (*Compl.*, Doc. 1). Plaintiff alleges that Defendants violated the FDCPA and O.R.C. § 1321.591 by: (1) failing to validate the debt properly; (2) attempting to "trick" Plaintiff into paying the debt; and (3) issuing a false subpoena to Plaintiff's place of employment as an unfair means of collecting the debt. (*Id.*, ¶¶ 18-19, 21-22). Relatedly, Plaintiff also claims that Defendants violated O.R.C. § 2913 by attempting to "trick" Plaintiff into paying the debt (*id.*, ¶20), as well as O.R.C. § 2921.11 (*id.*, ¶ 27) and 18 U.S.C. § 1341 (*id.*, ¶ 30), by submitting a false affidavit that caused documents which referred to Plaintiff as a "judgment debtor" to be sent in the mail and in court filings (*id.*, ¶ 29). Finally, Plaintiff asserts that Defendant violated O.R.C. § 2739.01, without explanation. (*Id.*, ¶ 32).

Defendants contend that the Court does not have subject matter jurisdiction to hear Plaintiff's claims because the FDCPA does not apply to income tax liabilities. (Doc. 3 at 4-7). In the alternative, Defendants assert that the Plaintiff failed to state a claim under the FDCPA. (*Id.* at 7-9). Finally, Defendants also argue that the doctrines of abstention, res judicata, and claim preclusion bar the Complaint, including its state law claims. (*Id.* at 9-13).

### III.   STANDARD OF REVIEW
#### A.   Fed. R. Civ. P. 12(b)(1)

Before determining whether a plaintiff has failed to state a claim upon which relief may be granted, the Court must first decide whether it has subject matter jurisdiction. *City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F. Supp. 971, 975 (S.D. Ohio 1993) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)).

When subject matter jurisdiction is challenged under Rule 12(b)(1) . . . the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Rogers v. Stratton Indus.*, 798

3

F.2d 913, 915 (6th Cir. 1986). Motions under Rule 12(b)(1) "are categorized as either a facial attack or a factual attack." *McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012). A factual attack challenges "the factual existence of subject matter jurisdiction." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). In such challenges, the Court may "weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction." *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012).

In contrast, a facial attack is "a challenge to the sufficiency of the pleading itself." *Ritchie*, 15 F.3d at 598. Such a challenge is resolved under the familiar 12(b)(6) standard. *Carrier Corp.*, 673 F.3d at 440. Thus, the Court must take the material allegations in the Complaint as true, and construe them in the light most favorable to the non-moving party. *Ritchie*, 15 F.3d at 598; *see also Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325. In this context, a court "may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

### B. Fed. R. Civ. P. 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows for a case to be dismissed for "failure to state a claim upon which relief can be granted." Such a motion "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). Thus, the Court must construe the complaint in the light most favorable to the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Although liberal, Rule 12(b)(6) requires more than bare assertions of legal conclusions. *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)

4

(citation omitted).  Generally, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  But the complaint must "'give the defendant fair notice of what the claim is, and the grounds upon which it rests.'" *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).  In short, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  It must contain "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.

## IV.  LAW AND ANALYSIS

The Court will first consider Plaintiff's federal claims under the FDCPA and federal mail fraud statute, and will then evaluate Plaintiff's state law claims arising.

### A.  FDCPA Claims

The FDCPA was designed "to eliminate the abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).

Plaintiff here asserts that her claim falls under the FDCPA because income tax liabilities constitute a debt as defined by the statute.  Defendants, however, argue that this Court lacks subject matter jurisdiction over the FDCPA claim because the statute does not cover such income tax liabilities. Thus, this matter turns on whether income tax liabilities create a "debt" under the FDCPA.

"Debt," under the statute, is defined as:

> any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

5

§ 1692a(5).

First, the FDCPA does not apply to an obligation to pay which does not arise out of a consumer transaction. *See Kelly v. Montgomery Lynch & Associates, Inc.*, No. 1:07-CV-919, 2008 WL 1775251, at * 3 (N.D. Ohio Apr. 15, 2008) (finding that financial expenses incurred in exchange for medical services is "a classic transaction out of which debts arise under the FDCPA"). Moreover, this requirement of a "consumer transaction" implies consent. *Gibson v. Prof'l Account Mgmt.*, No. 11-12920, 2011 WL 6019958, at *2 (E.D. Mich. Dec. 1, 2011); *see also Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1326 (7th Cir. 1997) ("[T]he FDCPA limits its reach to those obligations to pay arising from consensual transactions, where parties negotiate or contract for consumer-related goods or services."). Income tax liabilities are not a consumer transaction, because Plaintiff did not negotiate or contract for a consumer-related good or service, as in *Kelly*, but rather is *obligated* to pay her income taxes.

Income tax liabilities do not fall within this general definition of "debt," and accordingly many courts have found that tax liabilities generally fall outside the purview of the FDCPA. *See Police v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 401-02 (3d Cir. 2000) ("[H]omeowner's property tax obligations do not constitute 'debts' under the FDCPA" because "[s]imply put, property taxes are not obligations 'arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.'"); *Beggs v. Rossi*, 145 F.3d 511, 512 (2d Cir. 1998) (holding that personal property taxes levied upon the plaintiff's automobiles are not "debts" under the FDCPA because it does not involve a transaction as contemplated by the FDCPA); *Staub v. Harris*, 626 F.2d 275, 278 (3d Cir. 1980) (rejecting the application of the FDCPA to per capita taxes because

"[t]he relationship between taxpayer and taxing authority does not encompass that type of *pro tanto* exchange which the statutory definition envisages.").

Income taxes specifically have also been found to be beyond the scope of the FDCPA. *See Mortland v. I.R.S.*, No. A-03-CA-115-SS, 2003 WL 21791249, at *3 (W.D. Tex. June 24, 2003) ("[T]he plaintiffs have failed to state a claim under the FDCPA because unpaid income taxes are not considered debts for the purposes of the act."); *Mathis v. U.S. ex rel. C.I.R.*, No. CIV-02-4087, 2003 WL 1950071, at *6 (D.S.D. Mar. 19, 2003) (finding income tax liabilities not to be debts under the FDCPA).

The Sixth Circuit has not resolved this matter directly, though it has provided some guidance. In a case arising under the Bankruptcy Code, rather than the FDCPA, the court held that federal income tax debt is *not* to be considered consumer debt because it is not voluntarily incurred, it is incurred for public rather than personal or household purposes, and it arises out of earning money instead of consumption. *In re Westberry*, 215 F.3d 589, 591 (6th Cir. 2000). In a footnote, the court cited both the Second Circuit's decision in *Beggs* and the Third Circuit's decision in *Staub*, noting that "at least two sister circuits have suggested that taxes should not be considered 'debt' under the [FDCPA]." *Id.* at 593 n.4. Although the Sixth Circuit did not explicitly adopt the *Beggs/Staub* rationale, its discussion thereof suggests its approval of this treatment of taxes as distinct from "debt" under the FDCPA. *See id.*

Moreover, this Court has held that income tax liabilities are not considered debts for purposes of the FDCPA. *Feck v. Sprigg*, No. C-1-00-336, 2001 WL 897725, at *1 (S.D. Ohio June 11, 2001). In *Feck*, the plaintiff argued that the defendant, a Collection Branch Chief for the IRS, violated the FDCPA by not verifying the "debt," unpaid taxes, which the plaintiff had disputed. *Id.* The Magistrate Judge dismissed the plaintiff's FDCPA claim on the grounds that

unpaid tax obligations are beyond the scope of the FDCPA. *Id.* at *3. In adopting and incorporating the Magistrate's Report and Recommendation and dismissing the claim, this Court held that "[u]pon a *de novo* review of the record, the Court finds that the Judge has accurately set forth the applicable law and has properly applied it to the particular facts of this case." *Id.* at *1.

Consistent with the weight of precedent, this Court here concludes that income tax liabilities are not "debt" as defined by the FDCPA. Consequently, the Court lacks subject matter jurisdiction over Plaintiff's FDCPA claim. The claim is hereby **DISMISSED**.

### B.     Mail Fraud

In one line of her complaint, Plaintiff asserts a violation of 18 U.S.C. § 1341 (*Compl.*, Doc. 1, ¶ 30), stating that "[i]t was the actions of the Defendants that caused documents referring to the Plaintiff as a 'Judgment debtor' to be sent in the mail and caused reference to the Plaintiff as the 'Judgment debtor' in Court filings on-line for the public view." (*Id.*, ¶ 29). Defendants, in addressing the complaint overall, move this Court to dismiss this count for failure to state a claim. (Doc. 3).

But § 1341 is a criminal statute, which does not create federal question jurisdiction for a private remedy. *Ryan v. Ohio Edison Co.*, 611 F.2d 1170, 1178-79 (6th Cir. 1979); *see also Miller v. Countrywide Home Loans*, 747 F. Supp. 2d 947, 963 (S.D. Ohio 2010) (dismissing plaintiff's mail fraud claim because violations of 18 U.S.C. § 1341 "do not give rise to [a] private cause[] of action."). This claim is hereby **DISMISSED**.

### C.     State Law Claims under the Ohio Revised Code

Plaintiff also asserts various state law claims. Specifically, she alleges violations of O.R.C. §§ 2913 (*Compl.*, Doc. 1, ¶ 20), 1321.591 (*id.*, ¶ 22), 2716 (*id.*, ¶ 23), 2921.11 (*id.*, ¶ 27) & 2739.01 (*id.*, ¶ 32).

Because the Court finds a failure of federal jurisdiction, it declines to exercise supplemental jurisdiction over the remaining state law claims.  A district court may decline to exercise supplemental jurisdiction over state law claims if it has dismissed all claims over which it had original jurisdiction.  *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 233 (6th Cir. 1997).  Indeed, the Sixth Circuit has recognized that if all federal claims are dismissed before trial, the remaining state claims should also be dismissed.  *Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992).[2]

## V. CONCLUSION

For the reasons stated above, Defendants Motion to Dismiss (Doc. 3) is **GRANTED**.  This case is hereby **DISMISSED**.

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated:  August 14, 2014**

---

[2] Because the Court declines to exercise supplemental jurisdiction over the state law claims, it does not reach Defendants' arguments base on the *Rooker-Feldman* Doctrine, claim preclusion, and res judicata.